THE MERCHANTS INSURANCE COMPANY OF NEW ORLEANS *v.* EDOUARD CHAUVIN and others.

The cashier of a bank has, *prima facie*, authority to endorse, on behalf of the bank, negotiable paper held by it, in payment of its debts. *Per Curiam :* He is the general agent of the bank, through whom all its money transactions are conducted. His signature is generally considered to be that of the bank, in all its negotiations ; and his endorsement will be presumed to be that of the bank, without its being necessary to show any special authority.

APPEAL from the District Court of the First District, *Buchanan,* J.

*T. A. Clark,* for the plaintiffs.

*Marsoudet,* for the appellants.

MORPHY, J. This action is brought by the plaintiffs as the holders of a promissory note, drawn by Chauvin & Levois, to the order of, and endorsed by, Augustin Vincent Roger. This note, which had been given to the First Municipality in part payment of property purchased by the drawers, was afterwards specially endorsed by that corporation to the Citizens' Bank of Louisiana, and by the latter institution endorsed in blank, through their cashier, J. B. Perrault. There was a judgment below

against the drawers and the two first endorsers, *in solido.* Chauvin & Levois, and Roger have appealed.

Various grounds of defence, which had been set up in the answers of the defendants, were abandoned in argument in both courts. The only points which the appellants now make, are: 1st. That the note sued on, having been discounted by the Citizens' Bank, that institution could not make any sale or transfer of the same. 2d. That the note was not legally transferred by the endorsement of the cashier alone, and that therefore the plaintiffs had no right to recover under such endorsement.

I. We are unacquainted with any law which prohibits a corporation from applying its negotiable funds, as well as its monièd capital, to the discharge of its debts and obligations. But in the present case the transfer by the Citizens' Bank was made under an express provision of the law of the 7th of March, 1842, authorizing the banks to settle their weekly balances in notes and securities in the possession of the debtor bank. The evidence shows, that this note was transferred to the Consolidated Association Bank in payment of a balance due to it by the Citizens' Bank, and was afterwards given to the plaintiffs by the Consolidated Association, in payment of deposits due to them.

II. In relation to the legality of the transfer, by the endorsement of the cashier, we have been referred to our decision in the case of the *United States* v. *Fleckner,* 8 Mart. 809. In that case, a resolution of the board of the directors of the Planters' Bank was exhibited, purporting to authorize the *president and the cashier* to liquidate the balance due to the plaintiffs. " We do not think," said the court, " that it follows from this resolution, that the president and the cashier were authorized to transfer the property of the bank by their endorsement ; but if it could be so construed, the signatures of both ought certainly to be deemed necessary." In the present case no such resolution is shown, requiring the signature of the president. The question is, whether the cashier of a bank has not, *prima facie,* authority to endorse, on behalf of the bank, negotiable paper held by it, in payment of its debts. We think that he has such authority. He is the general agent of the bank, and the executive officer through whom, and by whom, all the money transactions of the institution are conducted. His signature is generally considered as

that of the bank all in its negotiations; and his endorsement will be presumed to be that of the bank, without its being necessary to show any special authority. Angel & Ames, 173. Story on Agency, § 114. 3 Mason, 506. 8 Wheaton, 360. No attempt has been made to show that the cashier had no authority to endorse this note. The evidence proves, that it was given in payment of a debt due by the Citizens' Bank. The cashier's endorsement was only the means of evidencing the transfer, and giving negotiability to the note.

· *Judgment affirmed.*